IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABHE & SVOBODA, INC.,              *
        Plaintiff,
    v.                                *        CIVIL NO. L-05-498

BELL BCI COMPANY, ET AL.,    *
        Defendants.
                                    *******

**<u>MEMORANDUM</u>**

      Plaintiff brought this suit in federal court pursuant to the Miller Act, 40 U.S.C. §§ 3131 et seq.  Now pending is defendant Bell BCI Company's ("Bell") motion to dismiss Counts 4, 5, and 6 of Abhe & Svoboda Inc.'s ("ASI") six-count complaint.  For the following reasons, the Court will, by separate Order, GRANT in part and DENY in part the motion to dismiss, and ISSUE a scheduling order so that the parties may proceed to discovery.

I. <u>Background</u>

      The Department of the Navy hired Bell as the general contractor on a project ("the project") to construct two jet fuel storage tanks.  Co-defendants United States Fidelity & Guaranty Company and St. Paul Fire & Marine Insurance Company were sureties on the contract.  In 2003, Bell entered a subcontract with ASI, pursuant to which ASI was to paint the storage tanks and related piping.  Federal Insurance Company was ASI's surety on the subcontract.

      ASI claims that it performed the contract fully, as well as other work for Bell, but that Bell did not pay in full.  ASI alleges violation of the Miller Act (Count 1), breach of the payment bond (Count 2), breach of the subcontract (Count 3), fraud (Count 4), negligent misrepresentation (Count 5), and defamation (Count 6).  Counts 4, 5 and 6 are the subject of the

motion to dismiss.

Under Counts 4 and 5, ASI contends that Bell misrepresented that: (i) the project was ready for painting at the time ASI was to begin work under the subcontract; (ii) welds on the storage tanks that ASI was to paint complied with applicable specifications, and (iii) ASI would be remunerated for corrective work if its original work was damaged by others.  ASI also alleges a material misrepresentation occurred when Bell did not disclose that other subcontractors had left the project due to difficulties with Bell.

Under Count 6, ASI contends that Bell defamed ASI when it falsely reported to ASI's surety that ASI was in breach of the subcontract.

Bell has moved to dismiss Counts 4, 5, and 6 under three different theories.  First, Bell contends that the relationship between Bell and ASI is purely contractual, barring the claims that sound in tort.

Second, Bell contends that ASI has not pled the fraud claim with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

Third, Bell contends that it possesses a qualified privilege that defeats the defamation claim.

II. Standards

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim that entitle it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim.  In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most

favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

A plaintiff alleging fraud, however, must state the circumstances constituting fraud with particularity.  Fed. R. Civ. P. 9(b).  Specifically, a plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotations omitted).

III. Analysis

    A. Fraud and Negligent Misrepresentation

        1. Tort claims and contract claims

In Maryland, "where the essence of a relationship between the parties is contractual in nature, and the basis for the claim of defendant's dereliction is its failure to perform the contract, the cause of action arising from such dereliction is not available in a tort action but only in an action for breach of contract."  Abt Assocs., Inc., v. JHPIEGO Corp., 104 F. Supp. 2d 523, 537 (D. Md. 2000) (citing Baird v. C&P Tel. Co. of Baltimore, 117 A.2d 873, 879 (Md. 1955)).

ASI might have saved Counts 4 and 5 if the complaint alleged that the fraudulent misrepresentations induced it to enter into the subcontract.  Nowhere in the complaint, however, does ASI assert that, as a result of these alleged misrepresentations, it entered a contract it would not have entered otherwise.  Instead, Counts 4 and 5 incorporate all prior allegations, including the breach of contract claim.  In the complaint, ASI states at ¶ 32 that it relied on the fraud not in entering the subcontract, but "in carrying out its work under the Subcontract."  Furthermore, the factual allegations in the fraud count, at ¶ 30, mimic the factual allegations in the breach of

contract count, at ¶ 27.  From the pleadings, it appears that ASI is casting its breach of contract claim alternatively as a tort.  Because the relationship between the parties is essentially contractual, the Court will dismiss Counts 4 and 5.

  2. Pleading Fraud with Particularity

ASI points to four allegedly fraudulent and/or negligent misrepresentations made by Bell; however, it fails to give details such as time, place, and identity with the particularity that Rule 9(b) requires.  Furthermore, ASI states that its list is "illustrative and not exhaustive."  The fraud count fails to meet the standard that Rule 9(b) requires; therefore, Count 4 will be dismissed for this reason as well.

  B. Defamation

Bell contends that the defamation claim (Count 6) should be dismissed because it sent the allegedly defamatory notice in compliance with explicit contractual terms requiring submission of a notice of default.  Bell also asserts an affirmative defense of qualified privilege.

The common law recognizes a qualified privilege when "the occasion shows that the communicating party and the recipient have a mutual interest in the subject matter, or some duty with respect thereto."  Gohari v. Darvish 767 A.2d 321, 328 (Md. 2001)(internal citations omitted).  Bell argues that it was entitled to this qualified privilege when it wrote the notice of default to ASI's surety because Bell shared a mutual interest with the surety.

The existence of the qualified privilege is a question of law.  Gohari, 767 A.2d at 332 (citing Jacron Sales Co. v. Sindorf, 350 A.2d 688, 690 (Md. 1976)).  Whether that privilege has been abused is a question of fact for the jury.  Id. (citing McDermott v. Hughley, 561 A.2d 1038, 1047 (Md. 1989)).  Accordingly, a qualified privilege requires a factual inquiry which is not appropriate in a motion to dismiss.

Taking all well-pleaded allegations as true for the purposes of this analysis, ASI has effectively pleaded defamation, alleging that Bell notified the surety of the breach falsely and with malice. Dismissing this count pursuant to Rule 12(b)(6) is, therefore, not appropriate.

IV. Conclusion

For the foregoing reasons, the Court will DISMISS Count 4 and DISMISS Count 5. The motion to dismiss Count 6 is DENIED. The Court will ISSUE a scheduling order, so that the parties can proceed to discovery on the remaining counts of the complaint.

Dated this 8th day of February, 2006.

/s/
Benson Everett Legg
Chief Judge